| | |
|---|---|
| DARNELL TYRECE HAYES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN LEU, ) | |
| ) | |
| Respondent. ) | |

On April 14, 2025, Darnell Tyrece Hayes ("Hayes" or "petitioner"), a federal inmate proceeding pro se, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. See [D.E. 4]. Hayes argues that he is entitled to additional credits against his sentence and placement in a residential re-entry center. See [D.E. 1] 6–7; [D.E. 1-1]; [D.E. 4]. On June 11, 2025, the court conducted a preliminary review under 28 U.S.C. § 2243 and allowed Hayes's petition to proceed [D.E. 6].

On August 1, 2025, Warden Leu ("Leu" or "respondent") moved to dismiss the petition [D.E. 12] and filed a memorandum in support [D.E. 13].[1] On the same date, the court notified

---

[1] Leu cites Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in support of his motion to dismiss. See [D.E. 12]. Hayes admits that he did not exhaust administrative remedies before filing the petition. See [D.E. 1-1] 2; [D.E. 4]. Thus, the court assumes without deciding that Rule 12(b)(6) provides the proper framework. Cf. Barragan v. Knight, No. CV 0:21-308, 2021 WL 2550498, at *1–2 (D.S.C. June 22, 2021) (unpublished), report and recommendation adopted as modified by 2021 WL 5086257 (D.S.C. Nov. 2, 2021) (unpublished); Wise v. Warden, FCI McDowell, No. 1:20-CV-59, 2020 WL 6371136, at *8 (S.D. W. Va. July 10, 2020) (unpublished), report and recommendation adopted, 2020 WL 6370723 (S.D. W. Va. Oct. 29, 2020) (unpublished); Dowd v. Smith, No. 5:18-HC-2084, 2018 WL 6492951, at *2 (E.D.N.C. Dec. 10, 2018) (unpublished).

Hayes of the motion, the consequences of failing to respond, and the response deadline [D.E. 14]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Hayes did not file any response, and the time within which to do so has expired. As explained below, the court dismisses Hayes's petition.

In 2013, Hayes pleaded guilty pursuant to a plea agreement to distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and the court sentenced Hayes as a career offender to 210 months' imprisonment. See Hayes v. United States, No. 5:13-CR-18, 2016 WL 1245000, at *1 (E.D.N.C. Mar. 24, 2016) (unpublished). Hayes has unsuccessfully challenged his career-offender classification on direct appeal, in a motion to vacate under 28 U.S.C. § 2255, and in a prior section 2241 motion. See United States v. Hayes, 574 F. App'x 259, 259–60 (4th Cir. 2014) (per curiam) (unpublished); Hayes v. Andrews, No. 5:18-HC-2299, 2019 WL 12383158, at *2 (E.D.N.C. Aug. 20, 2019) (unpublished), aff'd, 829 F. App'x 654 (4th Cir. 2020) (per curiam) (unpublished); Hayes, 2016 WL 1245000, at *6.

Hayes's projected release date is December 23, 2026. See BOP Inmate Locator, https://www.bop.gov/inmateloc (search by inmate number) (last visited Jan. 27, 2026). According to Hayes, if the BOP would properly calculate his First Step Act and Second Chance Act credits, he was due for release in October 2024. See [D.E. 1] 7. On March 27, 2025, Hayes submitted a grievance, which was "still pending" when he signed his petition on April 2, 2025. [D.E. 1-1] 2; see [D.E. 1] 9. Hayes argues that exhaustion was futile because "it would take 120 days or more to use the four step procedure to address his claim that he is entitled to immediate transfer to prerelease custody." [D.E. 1-1] 2.

Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009);

2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

A prisoner challenging the execution of his sentence generally must exhaust administrative remedies before seeking habeas relief in federal court. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010); Rodriguez v. Ratledge, 715 F. App'x 261, 265 (4th Cir. 2017) (per curiam) (unpublished). The BOP has a four-step administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13–15; Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished). The final step is an appeal "to the Central Office of the BOP using a BP-11 form." Hill, 380 F. App'x at 269 n.1; see 28 C.F.R. § 542.15(a).

Hayes fails to plausibly allege an adequate excuse for his failure to exhaust. See, e.g., Jones v. Garrido, No. 22-11103, 2023 WL 4763365, at *1 (5th Cir. July 26, 2023) (per curiam) (unpublished); Beam v. Sproul, No. 3:24-CV-2255, 2025 WL 1359903, at *2 (S.D. Ill. Apr. 10, 2025) (unpublished); Lozada v. Rich, No. 5:24-HC-2171, 2024 WL 4778031, at *2 (E.D.N.C. Nov. 12, 2024) (unpublished). Accordingly, the court grants respondent's motion to dismiss.

After reviewing Hayes's petition, the court finds that reasonable jurists would not find the court's treatment of Hayes's petition debatable or wrong, and that the petition does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

In sum, the court GRANTS respondent's motion to dismiss [D.E. 12], and DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 27 day of January, 2026.

*JAMES C. DEVER III*
United States District Judge